CHARLES CUSHMAN *versus* ISAAC MARSHALL.

In an action by an indorsee against an indorser of a note, declaring on the indorsement, with the money counts, and where it does not appear but that the plaintiff has a right of action on the note against both indorser and maker, he cannot rescind the contract, and on the money counts recover of the indorser the consideration paid him for the note, by proof that it was obtained of the maker by fraud and misrepresentation, without returning the note to the indorser.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

The action was assumpsit, the declaration containing two counts; one for money had and received; and the other against the defendant as indorser of an instrument of which a copy follows; — " Bangor, July 19, 1834. Due Alfred Knight, or order, forty-nine dollars twenty-five cents. in sixty days. Smith & Parsons." It was indorsed in blank by Alfred Knight and by the defendant. At the trial, the plaintiff abandoned the special count, and relied solely on the count for money had and received. .

The plaintiff offered in evidence the deposition of Parsons, one of the makers of the note, to prove that the note was without consideration, and had been obtained from them by Knight by fradulent misrepresentations. To the admission of this deposition the defendant objected, on the ground that one

of the signers of the note could not be called as a witness to impeach the note for want of consideration. The objection was overruled by the Judge, and the deposition admitted.

S. Chesley was called by the plaintiff and testified, that sometime within three months from Jan. 1, 1835, Marshall called at his shop in Portland and enquired of the witness whether he was acquainted with the signers of the note, and if he considered them good. The reply was, that they were good. The note was then produced by Marshall, who wished to sell it, and said he would take part money and part goods. He was referred by the witness to the plaintiff.

Marshall then went and saw the plaintiff, and proposed to let him have the note, if he would pay twenty dollars in money, and the balance in goods. The defendant was asked, if the note had ever been presented, and replied, that it had not. The plaintiff then enquired of the defendant, if the note was good, and if it would be paid when it was sent down, to which the defendant replied in the affirmative. The plaintiff then paid for it twenty dollars in money, and the balance in goods, and Marshall indorsed the note, and delivered it to Cushman.

The Counsel for the defendant contended, that the action was not maintainable upon this evidence, no demand or notice having been proved; that if the plaintiff would recover the money paid for the note on the ground of fraudulent mis-representations made by the defendant to the plaintiff, it should be in a different form of action, and not under the money count. The Judge instructed the jury, that if the defendant falsely represented to the plaintiff, that the note was valuable and justly due, knowing it was not, then the plaintiff was entitled to recover of the defendant the twenty dollars paid for the note with interest. The verdict was for the plaintiff, and the defendant filed exceptions.

*Codman & Fox*, for the defendant, said they were entitled to a new trial, on the ground that the deposition of Parsons, one of the makers of the note, was clearly inadmissible; and cited *Deering* v. *Sawtelle*, 4 Greenl. 191.

*Haines,* for the plaintiff, after remarking that the only objection taken in the opposing argument was, that the deposition of Parsons was improperly admitted, said there could be no objection to it on the ground of interest in the deponent. The recovery of judgment either way could not be evidence in a suit against Parsons. Stark. on Ev. 1729; *Gibbs* v. *Bryant,* 1 Pick. 121; 3 T. R. 601.

The deposition does not go to show, that the note was void at its creation. In a suit against an indorser, the maker may be called to prove a failure of consideration, or payment afterwards. *Baker* v. *Briggs,* 8 Pick. 127; *Gibbs* v. *Bryant,* before cited; *Freeman's Bank* v. *Rollins,* 13 Maine R. 202.

The opinion of the Court was afterwards drawn up by

Tenney J. —This is an action of assumpsit. The writ originally contained two counts, one as upon an indorsed note against the defendant as indorser, and the other for money had and received. The plaintiff abandoned the first, and under the other sought to recover the amount paid the defendant for the note, on the ground, that the same was originally obtained of the makers, by misrepresentation and fraud, which were known to the defendant; and therefore the plaintiff received no consideration for the sum, which he parted with in the purchase of the note.

Can this action be maintained? The plaintiff still holds the note and has made no offer to give it up to the defendant. It is indorsed in blank by the payee without date and there is nothing in the case to show that it was not negotiated at the time it was made. Whether it came into the hands of the one to whom it was negotiated *bona fide,* and in the due course of business, unaccompanied with any circumstances calculated to awaken suspicion, was not a question made at the trial. It does not appear that the plaintiff had reason to suspect any want of consideration in the note. He it seems relied upon the makers, and also upon the defendant, as he took his indorsement, which was unnecessary, if he did not intend to hold him. The note may still be recovered of the

makers; and it is not seen how a judgment in this action will defeat it. The defendant is liable by virtue of his indorsement, unless the plaintiff by his own laches released him. *Colt* v. *Barnard,* 18 Pick. 260. Every indorsement is a new contract, unless it be qualified, which renders liable him who makes it.

The means of resorting to all the parties to the note the plaintiff retains in his own hands. He seeks to recover back the consideration paid therefor, where he still has, subject to his own control, what was passed to him as an equivalent. It is not a case where there has been a partial failure of consideration by means of fraud, and the claim is for the loss sustained by the difference between the real value of the article purchased, and what it was fraudulently represented to be. The attempt is to rescind the contract as being destitute of consideration entirely. Before the suit can be maintained, we think, there should have been an offer to surrender the note to the defendant, and thereby release him from his liability on the indorsement, and restore to him, what he may make available. *Thurston* v. *Blanchard,* 22 Pick. 18 ; *Ayers & al.* v. *Hewett.* 19 Maine R. 281. Other important questions are presented in the exceptions, which we consider it unnecessary to discuss.

*Exceptions are sustained.*